NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-609

COMMONWEALTH

vs.

PATRICK G. DOOLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial, a District Court judge found the defendant, Patrick G. Dooley, guilty of operating a motor vehicle after his license had been suspended for having operated a motor vehicle under the influence of alcohol (OUI), G. L. c. 90, § 23, but not responsible for the civil infraction of speeding, G. L. c. 90, § 17.  The defendant appeals, arguing that the Commonwealth did not prove that he had notice that his license had been suspended, and that, because the judge found him not responsible for speeding, the judge should have ordered suppression of all evidence gleaned from the traffic stop.  We affirm.

Background.  On January 24, 2024, at around 5 P.M., a Bedford police officer saw a car that appeared to be traveling faster than the posted twenty-five mile per hour limit.  Using a radar gun, the officer clocked the car as traveling at forty-one miles per hour.  The officer stopped the car, which was being driven by the defendant.  When the officer asked for his license and registration, the defendant replied that his license had been suspended for OUI, and it was still suspended.  From a criminal records database, the officer confirmed that the defendant's license was suspended for OUI.  The officer arrested the defendant.

At trial, the Commonwealth introduced certified copies of the defendant's Registry of Motor Vehicles (RMV) records, which showed that his driver's license had been suspended for two years because of a conviction for OUI.  Arguing that the RMV records did not show that a suspension notice had been mailed to him, the defendant moved for a required finding of not guilty, which the judge denied.  The judge found the defendant guilty of operating a motor vehicle after his license was suspended for OUI, but not responsible for the speeding infraction.  The present appeal followed.

Discussion.  The defendant first contends that there was insufficient evidence to prove that, at the time of the traffic stop, he had notice that his license was suspended.  Notice can

2

be proven by evidence of proper mailing of a notice of suspension by the RMV.  Commonwealth v. Deramo, 436 Mass. 40, 51-52 (2002).  In addition, "[t]he element of notice can be proved by evidence showing that the defendant had actual (or constructive) knowledge of the suspension."  Commonwealth v. Cueva, 94 Mass. App. Ct. 780, 787 (2019).

To support his argument that the Commonwealth did not prove he had notice of his license suspension, the defendant relies on Commonwealth v. Oyewole, 470 Mass. 1015, 1016 (2014).  In that case, "[t]here was [] no evidence that the defendant acknowledged, at the time of the stop or at any other time, that he was aware of the suspension."  Id.  Here, in contrast, the officer testified that during the stop the defendant admitted he knew his license was suspended for OUI.  The officer's testimony to the defendant's admission proved the defendant's knowledge that his license was suspended for OUI.  See Deramo, 436 Mass. at 51 (notice of license revocation proven by defendant's "admission that he knew that his license had been revoked").  Contrast Cueva, 94 Mass. App. Ct. at 788 (no admission by defendant).  We discern no error in the judge's denial of the motion for a required finding of not guilty.

The defendant next contends, for the first time on appeal, that because the judge found him not responsible for speeding, she should have, sua sponte, suppressed as "fruits" of an

3

illegal stop all evidence gathered from the stop -- including the defendant's admission that he knew his license was suspended for OUI, the information the officer learned from the criminal records database, and the RMV records.  The argument is unavailing.  The judge's finding that the Commonwealth had not proven the speeding infraction by a preponderance of the evidence did not mean that the officer lacked the requisite basis to stop the defendant's car.  See Commonwealth v. Teixeira-Furtado, 474 Mass. 1009, 1011 (2016) (stop for speeding must be "supported by articulable facts sufficient to warrant a reasonably prudent person in the police officer's position in forming [the] conclusion" that violation had occurred).  Here, the officer saw the defendant's car moving at a high speed, confirmed with a radar gun that the car was traveling nearly twenty miles per hour over the posted speed limit, and then pulled over the car.

Judgment affirmed.

By the Court (Grant, Walsh & Brennan, JJ.[1]),

Paul Little

Clerk

Entered:  May 13, 2026.

---

[1] The panelists are listed in order of seniority.

4